**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IMRAN HABIB KHAN,

     Petitioner,

v.

CURRENT SECRETARY of the Department
of Homeland Security; PAMELA BONDI,
Attorney General of the United States;
TODD LYONS, Acting Director and Senior
Official Performing the Duties of the Director
of the U.S. Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Field Office Director of the El Paso Field
Office of U.S. Immigration and Customs
Enforcement; and DORA CASTRO, Warden,
Otero County Processing Center,

     Respondents.

Case No. 2:26-cv-00315-MIS-GJF

### ORDER DENYING RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, AND GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

THIS MATTER is before the Court on Petitioner Imran Habib Khan's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 2, filed February 11, 2026. The federal Respondents filed a Motion to Dismiss the Petition on February 26, 2026 ("Motion"), ECF No. 7, to which Petitioner did not timely respond. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion and **GRANT** the Petition.

## I.    Relevant Background

Petitioner is a native and citizen of Bangladesh. Mot. at 2. He first entered the United States in 1993 on a B-2 visa that was later converted to F-1 status. Pet. ¶ 20. His last entry into

the United States was in 1999, and he has resided here since.  Id. ¶¶ 11, 20.  He is the primary caretaker of his family, which consists of his wife, minor daughter, and son who is severely autistic, non-verbal, and suffers from a seizure disorder.  Id. ¶¶ 11, 21, 24.

In September 2004, Petitioner was ordered removed by the Immigration Court in Newark, New Jersey.  Id. ¶ 22.  In 2005, the Board of Immigration Appeals ("BIA") dismissed his appeal, but a motion to reopen is currently pending before the BIA.  Id.  Since the 2004 proceedings, Petitioner has been required to check in with Immigration and Customs Enforcement ("ICE") officials.  Id. ¶ 23.  During his check-ins, Petitioner was informed that he would be permitted to remain in the United States to care for his family.  Id.

On July 3, 2025, ICE officials arrested Petitioner during a scheduled check-in at 26 Federal Plaza in New York.  Id. ¶ 25.  Petitioner was initially detained in New Jersey and was ultimately transported to the Otero County Processing Center in New Mexico.  Id.

On August 7, 2025, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of New Jersey.  Id. ¶¶ 25-26.  On December 23, 2026, the court denied the petition, finding that Petitioner's detention was reasonable because it did not exceed the six-month threshold established by Zadvydas v. Davis, 533 U.S. 678 (2001), and that his removal is reasonably foreseeable.  See id.; see also Opinion, Civil Action No. 25-cv-14246 (D.N.J. Dec. 23, 2025), attached as Ex. 2 to the Gov't's Mot., ECF No. 7 at 28 [hereafter D.N.J. Opinion].[1]

On February 11, 2026, Petitioner filed the instant Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 2.  On February 26, 2026, the federal Respondents filed the instant Motion to Dismiss.  ECF No. 7.

---

[1]    The Court takes judicial notice of the contents of the D.N.J. Opinion.  See Bruce v. City and County of Denver, 57 F.4th 738, 741 n.3 (10th Cir. 2023).

## II.  Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" Munaf v. Geren, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)).  A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention.  Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A).  Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal.  However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention." Zadvydas, 533 U.S. at 689.  In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention.  Id. at 701.  After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005).  Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

### III.    Discussion

Petitioner argues that his prolonged detention—now exceeding six months—violates his Fifth Amendment Due Process rights.  ECF No. 2 ¶¶ 31-51.  He also asserts claims for violations of the Administrative Procedures Act, id. ¶¶ 52-58, the Accardi Doctrine, id. ¶¶ 59-67, the Suspension Clause, id. ¶¶ 71-72, and seeks a declaratory judgment that his continued detention violates, inter alia, the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act ("INA"), id. ¶¶ 68-70.

Respondents move to dismiss, arguing that the Petition is barred by 28 U.S.C. § 2244 as a second or successive petition, ECF No. 7 at 2, and in any event, the Petition should be denied on the merits because removal is reasonably foreseeable, id. at 3.

Initially, the Court summarily rejects Respondents' argument that the Petition is barred by Section 2244 as a second or successive habeas petition.  The Tenth Circuit has squarely held that Section 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees.  Stanko v. Davis, 617 F.3d 1262, 1268 (10th Cir. 2010) (holding that because certain detainees, including alien detainees, "are not 'in custody pursuant to a judgment of a court of the United States,' § 2244(a) does not apply to them") (citing, inter alia, Rosales-Garcia v. Holland, 322 F.3d 386, 399 (6th Cir. 2003) (en banc) (holding § 2244(a) does not apply to a § 2241 petition by alien detainee)).

On the merits, the Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to present evidence sufficient to rebut that showing.  To begin with, Petitioner has been detained since

4

July 3, 2025—a period of eight-and-a-half months.  See Pet. ¶ 25; Mot. at 2.  Thus, the presumptively reasonable period of detention has expired.  See Zadvydas, 533 U.S. at 701.

Next, Petitioner argues that there is no significant likelihood of removal in the reasonably foreseeable future, observing that the Government's attempts to secure travel documents from the Bangladeshi consulate have been unsuccessful thus far.  See Pet. ¶¶ 36-37.  "Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden."  Naghiyev v. Bondi, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing Lorenzo v. Bondi, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); Jimenez Chacon v. Lyons, __ F. Supp. 3d __, No. 2:25-cv-0977 DHU/KBM, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)).  The Court is satisfied that the Government's thus-far unsuccessful attempt to secure travel or repatriation documents from the Bangladeshi government satisfies Petitioner's burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  Zadvydas, 533 U.S. at 701.

Finally, Respondents wholly failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future."  Id.  To satisfy this burden, Respondents must present evidence in support of their position.  See id. ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (emphasis added)).  The Government has presented none.[2]

---

[2]    Although this Court may take judicial notice of the contents of the D.N.J. Opinion, the Court may not consider it for the truth of the matters asserted therein.  Bruce, 57 F.4th at 741 n.3.  Thus, even assuming arguendo

5

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, his continued, indefinite detention violates the Fifth Amendment's Due Process Clause and the INA,[3] and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).  See Jiminez Chacon v. Lyons, __ F. Supp. 3d __, 2025 WL 3496702, at *8, *10 (D.N.M. Dec. 4, 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, at *2-3 (D.N.M. Nov. 17, 2025);  Hmung v. Bondi, Case No. CIV-25-1303-J, 2025 WL 3657221, at *4 (W.D. Okla. Dec. 9, 2025), report and recommendation adopted, 2025 WL 3670499 (W.D. Okla. Dec. 17, 2025); Momennia v. Bondi, Case No. CIV-25-1067-J, 2025 WL 3011896, at *8-10 (W.D. Okla. Oct. 15, 2025), report and recommendation adopted, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Imran Habib Khan's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 2, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Imran Habib Khan from custody/detention under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3);

---

that the D.N.J. Opinion describes evidence that would support Respondents' position here, the Court may not consider the evidence described by the D.N.J. Opinion because the evidence has not been presented to this Court.  See id.

[3]    Because the Court finds that Petitioner's continued detention violates the Fifth Amendment and the INA, the Court need not address Petitioner's remaining claims.

3. Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release, and no later than seven days after entry of this Order; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE